UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CLINTON M. HILL, III** | ) | **CASE NO.: 2:12-cv-00482 ALM-MRA** |
| 851 East Sandusky Avenue | ) | |
| Bellefontaine, Ohio 43311 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| **BANK OF AMERICA, NA** | ) | |
| c/o Stat. Agent CT Corporation System | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| **MERITPLAN INSURANCE COMPANY** | ) | |
| 3349 Michelson Drive, Ste. 200 | ) | |
| Irvine, California 92612 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| **BALBOA INSURANCE GROUP** | ) | |
| 3349 Michelson Drive, Ste. 200 | ) | |
| Irvine, California 92612 | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED CIVIL COMPLAINT WITH JURY DEMAND**

Now comes Plaintiff, Clinton M. Hill, III ("Plaintiff"), by and through his undersigned counsel, and for his first amended complaint against Bank of America, NA ("Bank of America"), Meritplan Insurance Company ("Meritplan") and Balboa Insurance Group ("Balboa"), state as follows:

**Parties**

1. Plaintiff is a resident of Logan County, Ohio.

1

2. Defendant Bank of America NA is an American multinational banking and financial services corporation, is the second largest bank holding company in the United States by assets, and the fourth largest bank in the U.S. by market capitalization.  Bank of America serves clients in more than 150 countries and has a relationship with 99% of the U.S. Fortune 500 companies and 83% of the Fortune Global 500.  The company is a member of the Federal Deposit Insurance Corporation (FDIC) and a component of both the S&P 500 Index and the Dow Jones Industrial Average.  Bank of America serves, in differing capacities and at different times, as a mortgage lender and/or a mortgage servicer.

3. As of 2010, Bank of America was the fifth largest company in the United States by total revenue, as well as the second largest non-oil company in the U.S. (after Walmart).  In 2010, *Forbes* listed Bank of America as the 3rd largest company in the world.

4. "Bank of America" as described in this complaint encompasses all of "Bank of America's" affiliates, assigns, subsidiaries, officers, directors, agents, trustees, trusts, representatives, employees principals, servants, partners, joint venturers, or entities controlled by it, and its heirs, successors, or other persons or entities related to or affiliated with Bank of America, including but not limited to Bank of America Loans Servicing, LP.

5. Defendant Meritplan Insurance Company ("Meritplan") is the insurance company which Bank of America purchased insurance from to cover the Property, and which paid Bank of America a financial kickback for the privilege of providing the forced place Coverage.  According to Bank of America's website, Meritplan is an "affiliate company" of Bank of America.

6. At the time of the allegations contained in this complaint, Balboa Insurance Group was owned by Bank of America. At the time of the allegations contained in this complaint, Defendant Meritplan was a member of Balboa Insurance Group.

## Jurisdiction and Venue

7. Jurisdiction and venue are proper based upon diversity of citizenship. Defendant Bank of America removed this matter from the Logan County Court of Common Pleas, Logan County, Ohio.

## Factual Allegations

8. On August 21, 2007, Plaintiff executed a thirty year promissory note ("the Note") and mortgage ("the Mortgage") in favor of Taylor, Bean & Whitaker Mortgage Corp. with respect to his home, located at 851 East Sandusky Avenue, Bellefontaine, Ohio 43311 ("the Property"). (Unexecuted copies of the Note and Mortgage are attached hereto as Exh. "A").

9. Plaintiff's non-variable monthly principal and interest payment under the Note and Mortgage was $886.82.

10. In or around October of 2009 Bank of America advised Plaintiff that it was assuming all rights to the Note and Mortgage from Taylor, Bean & Whitaker.

11. For reasons unknown to Plaintiff at the time, once Bank of America assumed the rights to the Note and Mortgage, Plaintiff's monthly payment increased.

12. In or around October of 2009, Plaintiff contacted Bank of America because his monthly payment had mysteriously increased. Plaintiff realized he would have a difficult time

making the increased monthly payment. If not for the increase in payment, Plaintiff would have been able to continue to make his monthly mortgage payments.

13. During this period of time, Bank of America advised Plaintiff that it did not have record that he was carrying homeowner's insurance covering the Property ("Coverage"). Bank of America at this time, and at other times thereafter, improperly threatened to force place insurance to cover the Property.

14. Pursuant to paragraph 4 of the Mortgage, Plaintiff, not Bank of America, was required to carry "fire, flood and other hazard insurance" covering the Property.

15. Both Plaintiff and his insurance agent at Nationwide Mutual Fire Insurance Company, Erwin Insurance Agency, provided Bank of America with written proof of Coverage prior to February 5, 2010.

16. Upon information and belief, Bank of America, Meritplan, and Balboa unilaterally and forcibly placed insurance covering the Property without Plaintiff's knowledge or consent, and while his private Coverage was in effect and otherwise current and valid.

17. Despite that Plaintiff and his insurance agent provided Bank of America with proof of Coverage, Bank of America nonetheless improperly charged Plaintiff for unilaterally implementing forced place insurance to cover the Property.

18. Plaintiff did not consent to Bank of America's implementation of the forced place insurance.

19. Prior to Bank of America's implementation of forced place insurance, Plaintiff fully performed pursuant to the terms of the Note and Mortgage.

20. Because of the increased monthly payment caused by Plaintiff's implemental of forced place insurance over the Property, Plaintiff could no longer keep up with his monthly mortgage payment.

21. On February 5, 2010, Bank of America initiated a foreclosure lawsuit against Plaintiff in the Logan County Court of Common Pleas.

22. Plaintiff was then forced to seek chapter 13 bankruptcy protection in the spring of 2010. (Bk. Case No.: 10-52840).

23. On January 30, 2012, the bankruptcy court entered an "Agreed Order Resolving Debtor's Objection to the Proof of Claim of Bank of America Loans Servicing LP Claim #7 Filed July 27, 2010 in the Amount of $142,004.90 (Doc. #29) and Memorandum Contra of BAC Home Loans Servicing LP to Debtor's Objection to Proof of Claim (Doc. #33)." (Attached hereto as Exh. "B") ("the Agreed Order").

24. In the Agreed Order, Bank of America admitted the following:

**BAC has on a number of occasions, most recently July 17, 2011, incorrectly notified Mr. Hill that his homeowner's insurance had lapsed and threatened to impose forced place insurance;**

**Mr. Hill had uninterrupted homeowners insurance coverage in effect since 1987 through Nationwide Insurance, Erwin Insurance Agency, 143 E. Chillicothe Ave, Bellefontaine, OH 43311.**

25. The foreclosure lawsuit in the Logan County Court of Common Pleas is still pending.

26. Meritplan and Balboa provided a policy of insurance financed by Bank of America and, upon information and belief, paid Bank of America a financial kickback in exchange for the privilege of providing the forced place Coverage.

### Count I: Breach of Contract

27. Plaintiff incorporates the foregoing paragraphs herein by reference.

28. The Mortgage and the Note are written contracts between Plaintiff and Bank of America. Bank of America owed Plaintiff a duty not to force place insurance so long as Plaintiff had continuous Coverage.

29. Despite that Taylor, Bean & Whitaker originally entered into the Note and Mortgage with Plaintiff, Bank of America assumed all rights and obligations contained in the Note and Mortgage.

30. Plaintiff's payment(s) to Bank of America under the Note and Mortgage constituted consideration.

31. As described above, Bank of America's threat(s) of implementing forced place insurance was a breach of contract.

32. As described above, Bank of America's implementation of forced place insurance Coverage despite that "[Plaintiff] has had uninterrupted homeowners insurance coverage in effect since 1987 through Nationwide Insurance" was likewise a breach of contract.

33. If not for the forced place Coverage increasing his mortgage payment, Plaintiff would not have fallen behind on his mortgage and the foreclosure lawsuit and his bankruptcy would both have been averted.

34. As a direct and proximate result of Bank of America's conduct as described herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

### Count II: Breach of the Covenant of Good Faith and Fair Dealing

35. Plaintiff incorporates the foregoing paragraphs herein by reference.

36. Bank of America was obligated by either contract or common law to act in good faith and to deal fairly with Plaintiff.

37. There is a written contract between Plaintiff and Bank of America.

38. The purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.

39. By threatening to implement forced place insurance Coverage as described above, Bank of America breached the implied covenant of good faith and fair dealing.

40. By actually implementing forced place insurance Coverage as described above, Bank of America breached the implied covenant of good faith and fair dealing.

41. Upon information and belief, Bank of America also breached the implied covenant of good faith and fair dealing by: (a) using its discretion to choose an insurance policy from Meritplan and Balboa in bad faith and in contravention of the parties' reasonable expectations; (b) purposefully selecting an exorbitantly priced forced place insurance policy to maximize its own profits; (c) failing to seek competitive bids on the open market and instead creating "back room" deals whereby the insurance policies were continuously purchased through the same company; (d) assessing excessive, unreasonable, and unnecessary insurance policy premiums against Plaintiff and misrepresenting the reason for the cost of the policy; and (e) collecting a percentage of whatever premiums were charged to Plaintiff and not passing that percentage on to the borrower, thereby creating the incentive to seek the highest priced premium possible.

42. As a direct and proximate result of Bank of America's conduct as described herein, Plaintiff has been damaged in an amount in excess of $25,000.00

### Count III: Fraud

43. Plaintiff incorporates the foregoing paragraphs herein by reference.

44. As it admitted in the Agreed Order, Bank of America, and by extension Meritplan and Balboa, falsely represented to Plaintiff that Coverage was either non-existent or not sufficient, when it in fact was existent and sufficient.

45. Plaintiff is at this time unsure of the exact dates and times Bank of America made these representations, and it will be borne out in discovery. But, since Bank of America has already admitted it made these false representations, it is in the best position to know the date(s) and time(s) and certainly has adequate notice under either Ohio Civ. R. 12(B)(6) or Fed. R. Civ. P. 12(b)(6).

46. These representations were material.

47. Defendants knew or should have known it had no reasonable basis for making these representations, and it knew that such representations were not supported by the Mortgage and Note. Bank of America made these representations recklessly.

48. Defendants intended to induce Plaintiff to act upon these representations.

49. These representations were made for the purpose of: (a) unfairly and unconscionably maximizing revenues; (b) generating interest, fees, commissions, and other compensation for Plaintiff; (c) providing a ready-made customer for Defendants Meritplan and Balboa; and/or (d) gaining unwarranted contractual and legal advantages.

50. Plaintiff reasonably relied on Defendants' intentional misrepresentations, and based on those misrepresentations, paid for insurance coverage that was not required under the Mortgage or Note.

51. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered damages in the form of increased insurance premiums, escrow charges, interest

payments, and/or other charges, and unnecessary burdens on his property rights. Plaintiff has also been damaged in an amount in excess of $25,000.00.

### Count IV: Unjust Enrichment

52. Plaintiff incorporates the foregoing paragraphs herein by reference.

53. Plaintiff conferred benefits upon Defendants Meritplan and Balboa in the form of fees and commissions it was not entitled to.

54. Defendants Meritplan and Balboa knew of this benefit Plaintiff conferred upon it.

55. Defendants Meritplan and Balboa retained this benefit under circumstances where it would be unjust to do so without financial remuneration to Plaintiff.

56. As a direct and proximate result of Defendants Meritplan and Balboa's conduct as described herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

### Count V: Conspiracy

57. Plaintiff incorporates the foregoing paragraphs herein by reference.

58. Bank of America, Meritplan, and Balboa engaged in a malicious combination involving at least two people or entities.

59. All Defendants' malicious combination caused injury to Plaintiff.

60. There exists an unlawful act(s) independent from the conspiracy itself including, but not limited to, fraud, conversion, and/or breach of contract.

61. In other words, so that Defendants have "fair notice" of what this count means, upon information and belief, all Defendants conspired together to unlawfully force place Coverage so that they could financially profit to Plaintiff's detriment. Upon information and belief, Meritplan and Balboa received fees/commissions/premiums for covering the Property, and Bank of America received financial kickbacks for providing a ready-made

client to Balboa and Meritplan. All Defendants engaged in a malicious combination to enact this internal policy with an ulterior, malicious intent.

62. Upon information and belief, Bank of America also had a pre-arranged agreement to purchase forced place Coverage from Meritplan and/or Balboa, to the financial detriment of Plaintiff.

63. As a direct and proximate result of these Defendants' conduct as described herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

## Count VI: CSPA

64. Plaintiff incorporates the foregoing paragraphs herein by reference.

65. Defendants have engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of R.C. §§ 1345.02, 1345.03, and/or 1345.031 as specifically described herein.

66. Such acts and practices have been previously determined by a court in Ohio to violate the Consumer Sales Practices Act, R.C. §§ 1345.01 et seq. Defendants committed said violation after such decisions were available for public inspection pursuant to R.C. § 1345.05(A)(3).

67. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests that the Court enter an order of judgment against Defendants including the following:

(a) For compensatory damages in excess of $25,000.00;

(b) For punitive damages in an amount to be determined at trial;

(c) A civil penalty for each separate and appropriate violation described herein, and pursuant to R.C. § 1345.07(D);

(d) For reasonable and/or statutory attorney's fees;

(e) For an order finding that Defendants are jointly and severally liable for all monetary amounts awarded (where applicable); and

(f) For any other relief this Court deems appropriate.

Respectfully submitted,

**MILLS, MILLS, FIELY & LUCAS, LLC**


_____/s/ John Sherrod_____
JOHN SHERROD (0078598)
LAURA MILLS (0063011)
PAUL VINCENT (0084992)
503 South Front Street, Ste. 240
Columbus, Ohio 43215
614.344.1917
330.336.7956 fax
jsherrod@mmfllaw.com

*Counsels for Plaintiff*

## JURY DEMAND

Plaintiff demands that this matter be heard by a jury.

_____/s/ John Sherrod_____
John Sherrod